**MUTUAL BUILDING & INVESTMENT COMPANY, Plaintiff-Appellee, v EFROS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20621. Decided June 9, 1947.

634

Gardner & Spilka, Cleveland, for plaintiff-appellee.
Max Efros, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

In November, 1922, the appellant, Harry Efros, unmarried, purchased a two-family dwelling as a home for himself and his parents, located on Capital Avenue, Cleveland, Ohio; and executed a first mortgage on the premises in the sum of $3,-000.00 in favor of the appellee.

Subsequently the appellant sold the premises and in 1931 said mortgage was foreclosed by the appellee and the premises sold and the sale confirmed. The appellee recovered a deficiency judgment against the appellant in the amount of $525.02.

In August, 1946, a motion of reviver was filed in connection with the said deficiency judgment. To this motion the appellant filed objections, the substance of which was that the alleged deficiency judgment had become unenforceable under and by virtue of §11663-1 GC, sometimes known as the "Deficiency Judgment Statute." The court granted the motion for reviver, denied the objections of the appellant and made certain findings of fact and conclusions of law, as follows:

## "FINDINGS OF FACT

1. That the defendant, Harry Efros, was unmarried in November, 1922.

2. That on or about November 18, 1922, he purchased a two-family dwelling on Capital Avenue in the City of Cleveland, which was intended by him to be occupied for his own home, and also for the accommodation of his parents.

3. That in November, 1922, he executed and delivered a note secured by first mortgage upon the premises in favor of the plaintiff in the sum of $3000.00.

4. That the defendant had never actually resided in the premises which he purchased.

5. That several months thereafter, owing to the fact that his parents desired to move to Palestine, he sold the premises, and went to that country with them.

6. That in 1931 a judgment was taken by the plaintiff upon the note and foreclosure of the mortgage instituted; sale of the foreclosed premises was made by the sheriff to the plaintiff. The said sale was confirmed on May 27, 1932.

7. That upon distribution of proceeds there was a deficiency judgment in favor of plaintiff of $525.02.

8. That no execution was issued on the judgment ever since its rendition, and that when filing motion of revivor there was not outstanding in connection with the aforementioned judgment or pending any Aid of Execution, Creditor's Bill, Action to Marshal Liens, or any action in the nature of a Creditor's Bill to subject any property of the judgment debtor.

## CONCLUSIONS OF LAW

The court, upon consideration of the facts as above enumerated, makes the following conclusions of law:

1. That §11730 GC, known as "The Home Exemption Statute" is applicable to and controlling of the fact, namely; that a person unmarried at the time of the execution of the mortgage is not entitled to the benefits of §11663-1 GC, known as the "Deficiency Judgment Statute." Therefore, the court finds that the defendant, Harry Efros, cannot claim under §11663-1 GC by virtue of the provisions of the Home Exemption Statute known as §11730 GC under the provisions of which a single person is not entitled to claim Homestead Exemptions."

It is our opinion that the trial court erred in finding as a conclusion of law that an unmarried person is not entitled to the benefits of §11663-1 GC, because §11730 GC, which is the Homestead Exemption Statute "is applicable to and controlling" herein.

The courts have held that §11730 GC, the "Homestead Exemption Statute" was not enacted for the benefit of the debtor, but for the protection of his family.

In Sears v Hanks, 14 Oh St 298, the court said:

"The humane policy of the Homestead Act seeks not the

protection of the debtor but its object is to protect his family from the inhumanity which will deprive its dependent members of a home."

See also:
Cooper v Cooper, 24 Oh St 491.
Regan v Zeeb, 28 Oh St 485.
Shaw v Foley, 62 Oh St 37.

On the other hand, §11631-1 GC, is an enactment for the benefit of a judgment debtor.

In **Montalto v Yeckley, 138 Oh St 314,** the court said:

"Sec. 11663-1 supra does not take away the remedy. It merely limits the time for enforcing a deficiency judgment rendered upon an indebtedness secured by mortgage on a dwelling or home site and leaves a reasonable time within which the holder of the deficiency judgment may enforce the same."

And also:

"While §11663-1 supra includes but goes beyond the technical definition of a homestead * * * ."

Accordingly, the provisions of §11663-1 GC, are not limited to a "family homestead" as the term is used in §11730 GC, but applies to any case where there was a mortgage on real property which has been used in whole or in part as a family dwelling, or "which at any time was and is now held as a homestead by the person who executed or assumed such mortgage or other instrument or which has been held by such person as a home site."

There is no requirement that such person, the mortgagor, should be married or the head of a household.

Inasmuch, therefore, as §11663-1 GC, and §11730 GC are not in pari materia, the trial court erred in holding that "a person unmarried at the time of the execution of the mortgage is not entitled to the benefits of §11663-1 GC."

Inasmuch as the trial court found as a fact that the mortgaged premises were intended by appellant "to be occupied for his own home and also for the accommodation of his parents" it is our opinion that said premises came within the language of §11663-1 GC, as being premises "held as a homestead by the person (Efros, appellant) who executed or assumed such mortgage * * * or which has been held by such

person as a home site" and therefore the deficiency judgment was unenforceable "after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment or after August 19, 1939, whichever shall be later." (Sec. 11663-1 GC.)

The judgment is reversed and the cause is remanded for a new trial according to law.

HURD, PJ, and SKEEL, J, concur.